## THE PENNSYLVANIA RAILROAD COMPANY *vs.* THE NEW YORK AND LONG BRANCH RAILROAD COMPANY.

1. The act of March 30th, 1869, authorizing the New York and Long Branch Railroad Company to extend their road across the Raritan river, and to cross the river by a bridge, gave that company an absolute, unconditional authority to enter upon and appropriate the lands of the state under water, without compensation.

2. The grant to the United Companies, by the act of March 31st, 1869, of the right to reclaim and erect wharves and other improvements in front of any lands owned by them, or either of them, adjoining any tide waters of this state, and when reclaimed and improved, to hold the same as owners, is subject to the authority given to the New York and Long Branch Railroad Company, to enter upon the lands of the state for the purpose of building such bridge. The Pennsylvania Railroad Company, therefore, the lessee of the United Companies, who owned lands at South Amboy, in front of which the New York and Long Branch Railroad Company have commenced to build said bridge, has not, under said act, a right of property in these lands under water, for which compensation must be made before these lands can be taken.

3. That the act authorizing the bridge did not provide for a draw does not invalidate it; nor does the fact that no draw was provided for until the act of April 1st, postpone the taking effect of the act of March 30th, until that day. The act took effect immediately.

The argument was on a rule to show cause why an injunction should not issue to restrain the defendant from build-

ing a bridge across the Raritan river at South Amboy over lands under water, in front of lands of the Camden and Amboy Company, leased to the complainant.

*Mr. I. W. Scudder,* for complainant.

*Mr. C. Parker* and *Mr. B. Williamson,* for defendant.

THE CHANCELLOR.

The legislature, by an act approved March 30th, 1869, authorized the defendant to extend its road across the Raritan river, and to connect the same at or near Perth Amboy with any railroad there, and authorized it to cross the river by a bridge. Its original charter fixed the beginning of its road to a point at or near the village of South Amboy. Another act, approved April 1st, 1869, required a draw one hundred feet wide to be constructed in the bridge.

By an act, approved March 31st, 1869, the legislature authorized the United Companies of New Jersey, of which the Camden and Amboy Railroad Company was one, to reclaim and erect wharves and other improvements in front of any lands owned by them, or either of them, adjoining any tide waters of this state, and when reclaimed and improved, to hold the same as owners. The Camden and Amboy Railroad Company owned lands at South Amboy, on the Raritan, which, with all property and privileges of the United Companies, are held by the complainant by lease.

The defendant has located the route of its road and bridge—the bridge route crossing the Raritan from Perth Amboy to South Amboy, and over lands in the river, in front of these lands owned by the Camden and Amboy Company—and has commenced building the bridge and driving piles in the river bed, and intends to continue the bridge and driving piles in the river in front of and adjoining these lands of the Camden and Amboy Company. It has not made, and does not intend to make, compensation for these lands under water before erecting the bridge, but has commenced proceedings for con-

demning the lands of the Camden and Amboy Company, occupied by the route of the road, and adjoining the river.

The injunction is asked for on the ground that the complainant has a right of property in these lands under water, for which compensation must be made before these lands can be taken.

The facts of the case are clear and undisputed. The question is as to the rights of the parties upon these facts.

It is settled by the decision of the Court of Errors and Appeals in the case of *Stevens* v. *Paterson and Newark R. R. Co.*, 5 *Vroom* 532, that the lands under water, including the shore on the tide waters of New Jersey, belong absolutely to the state, which has the power to grant them to any one, free from any right of the riparian owner in them.

The act of March 30th, 1869, authorizing the defendant to build a bridge over the Raritan, between South Amboy and Perth Amboy, gave it the right to enter upon and occupy so much of the lands of the state in the river, as should be required for the bridge, or of the width at which it was authorized to lay out its route. This act vested this right in the defendant. The act took effect immediately. I cannot assent to the position taken by the counsel of the complainant, that this act was void because it did not provide for a draw, and did not take effect until the act of April 1st, providing for a draw. If the legislature could not or did not intend to authorize a bridge without a draw, the act authorized a bridge with a sufficient draw, and the act of April 1st fixed what should be the width. This right was a franchise; it was property; it was also an easement in the lands under water.

The authority thus given by the state did not require compensation for the lands of the state thus occupied. It was an absolute, unconditional authority. And the constitutional provisions only regard private property, and the defendant's charter only requires it when lands are entered on without consent. The right is given without compensation.

The universal understanding in the state, for near a cen-

tury, has been that a statute that gives authority to bridge a navigable river, gives authority· to appropriate the lands under water, belonging to the state, without compensation. There are many railroad bridges thus authorized, and many more turnpike and county bridges.　When the state authorizes a corporation or an individual to build roads or bridges upon its property, as the duty to be performed is that of the sovereign delegated to a citizen, it implies the right to proceed without compensation.　The question has never been settled by the courts.　In the cases of *The Att'y Gen'l* v. *Stevens, Saxt.* 369 ; *The Att'y Gen'l* v. *The N. J. R. R. Co.,* 3 *Green's Ch.* 136 ; and *The Newark Plank Road and Ferry Co.* v. *The Att'y Gen'l,* 1 *Stockt.* 754, in all of which lands under tide waters were taken and occupied, the question was not alluded to by the court or by counsel.　In each case the want of compensation, if necessary, would have been a ground to stay the work.

With this right vested in the defendant, the state, on the next day, authorized the United Companies to reclaim, and when reclaimed to appropriate.　Like all other grants, it must be subject to prior grants made by the same grantor ; in this case, subject to the right of the defendant to occupy the lands by the bridge, if the route of the bridge should be laid across the river adjoining the lands of the Camden and Amboy Company.

If the owner of a large tract of land grant to one the right to have a way over the tract wherever the grantee shall locate it within a given time, and then conveys part of the tract to a purchaser who has notice of the grant, he takes it subject to the right of locating a way over it, and cannot restrict the grantee of the way to the part retained by his grantor.　The conclusion arrived at upon this point makes it unnecessary to examine or determine the other questions raised at the argument.

The superior right of the defendant seems to me to be clear.　If I am mistaken, yet, as the right of the complainant in this case depends upon a question which has never been

settled by the courts of this state or elsewhere, and is, at best, matter of doubt, by the well-established principles of equity the injunction must be refused and the rule discharged. I am the more willing to decide in this manner, as the case is one that looks to money compensation only, which can be had at law, and no irreparable injury can ensue from this course. An important public work should not be delayed by an injunction, except the right to be protected is clear and without serious doubt.